Filed 6/20/13  Gaudino v. Morgan CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| JOSEPH P. GAUDINO, | C072095 |
| Plaintiff and Appellant, | (Super. Ct. No. FL42118) |
| v. | |
| BARBARA A. MORGAN, | |
| Defendant and Respondent. | |

Appellant Joseph P. Gaudino appeals from an order denying appellant's request to modify a prior order for visitation with his now 16-year-old daughter.  Finding the trial court did not abuse its discretion, we affirm the order of the court.

FACTS AND PROCEEDINGS

In March 2009, the trial court issued a custody order granting respondent Barbara A. Morgan sole legal and physical custody of the parties' minor child, then 13 years old. The court further ordered that appellant "shall have no visitation with the child except with the consent of . . . the child;

1

"Contact between [appellant] and [respondent] and the minor child shall be through written correspondence only . . . ." The form and content of the court's order, prepared by appellant's counsel, was approved by respondent and minor's counsel.

On June 26, 2012, appellant filed a motion to modify visitation. Appellant asked for "[a]ny visitation," and offered to participate in either supervised or therapeutic visitation. Respondent and minor's counsel opposed the motion and a hearing was held in August 2012.

At the August 2012 hearing, appellant testified that in five years, his only contact with the minor had been two letters he wrote to her (one in August 2010 and another in July 2011), one Christmas gift, and one birthday gift. He acknowledged the court's March 2009 order allowed him to write letters to the minor but, according to appellant: "the two letters that I wrote had such an explosive reaction, I was told not to write them." Appellant further acknowledged that in one of those letters, he admitted falsely accusing the minor of lying.

Appellant also testified that since 2009 he had not participated in any counseling. In appellant's opinion, his relationship with the minor could be improved only if they were in counseling together. When asked what he hoped to achieve in counseling with the minor, appellant responded: "Well, the first thing that--I'm thinking the first thing we want to do in counseling is go over the reason why she lied about the whole situation, the scratching situation. We are here today because my daughter lied about the scratching. I never scratched her."

Respondent testified that she did not believe therapeutic visits with appellant were in the minor's best interest. Appellant and the minor were in counseling together prior to 2009 and, according to respondent, those counseling sessions were not productive.

Following submission, the court found the minor's best interests would not be served by modifying the March 2009 order for visitation. The court found it relevant that appellant made almost no effort to maintain contact with the minor in the five years

2

preceding the hearing, even though he was permitted to write to her. It was also "of great concern to the Court" that, "when asked about potentially starting a relationship with his daughter in a therapeutic setting . . . [appellant] initially said, 'Yes, that would be good because my daughter needs to admit that she lied about something years ago.' "

Accordingly, the trial court concluded that "[a]t this point I don't see how [appellant] can argue it would be in the best interest of the child, without any effort whatsoever on his part, other than filing this motion." The court thus denied appellant's motion. Appellant filed a timely notice of appeal.

DISCUSSION

Appellant's claim on appeal is that the trial court erred in refusing to modify the March 2009 order for visitation. We review rulings on motions to modify child visitation orders for an abuse of discretion. (*Montenegro v. Diaz* (2001) 26 Cal.4th 249, 255.) "Generally, a trial court abuses its discretion if there is no reasonable basis on which the court could conclude its decision advanced the best interests of the child. [Citation.]" (*Chalmers v. Hirschkop* (2013) 213 Cal.App.4th 289, 299.)

The March 2009 order allowed appellant to visit the minor only with her consent, but gave appellant permission to maintain contact with the minor through letters. It is clear from the record appellant made almost no effort to maintain a relationship with the minor, writing her only two letters in five years. Appellant contends he did not write letters to the minor because the two he did write were not well-received. Presumably, he believes this excuses him from making any further effort. The trial court heard this same argument and was not persuaded. Neither are we.

Appellant also failed to participate in *any* individual counseling after the March 2009 order was issued. This further supports the trial court's finding that, other than filing the motion to modify visitation, appellant made no effort to restore his relationship with the minor.

3

Finally, when asked what he hoped to gain from therapeutic visitation with his 16-year-old daughter, appellant's immediate response was he hoped it would force her to admit she lied, that her lie was the only reason he had been precluded from seeing her. Appellant's need to blame the minor for his current situation suggests appellant is not putting the minor's interests ahead of his own. Under such circumstances, we find the trial court did not abuse its discretion in refusing to modify the March 2009 order for visitation only with the consent of the minor, that such an order remains in the minor's best interests.

## DISPOSITION

The order of the trial court is affirmed. Costs are awarded to respondent. (Cal. Rules of Court, rule 8.278(a)(1), (2).)



       HULL       , Acting P. J.



We concur:



    ROBIE    , J.



    DUARTE    , J.